UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.:1:04CV-44-R

MICHAEL LEE STICE and
CHARLOTTE STICE                                                                        PLAINTIFFS

v.

BANDO CHEMICAL INDUSTRIES, LTD., et. al.                                  DEFENDANTS

**MEMORANDUM OPINION and ORDER**

This matter comes before the Court on the Plaintiffs' Motion to Compel and to Hold the Defendant's Motion for Summary Judgment in Abeyance. (Docket #57). The Defendant, Bando Chemical Industries, Ltd. ("BCI") has responded. This matter is now ripe for adjudication. For the following reasons, the Plaintiffs' Motion to Compel and Hold in Abeyance is **DENIED**.

**BACKGROUND**

This case involves a products liability action filed by the Plaintiffs, Michael and Charlotte Stice ("Stices"), against several entities who are associated with BCI, a Japanese corporation. BCI owns 90% of the capital stock of Bando U.S.A., Inc. ("BUI"), a U.S. corporation that owned and ended up merging with Plaintiff Michael Stice's ("Stice") original employer, Bando Manufacturing of America, Inc. ("BMA"). BUI employed Stice after the merger and at the time of the incident in question. This action arose from an accident that took place at BUI's Bowling Green, Kentucky plant (formerly BMA) on April 25, 2003, when Stice was caught between an articulating arm of a piece of equipment known as a "building machine" and a statutory support beam. The machine was initially purchased by BCI in 1988. BCI claims

that the machine, as originally manufactured and sold to them, did not possess the support beam that led to Stice's injuries. In 1998, Stice's employer at the time, BMA, modified the machine in question by replacing the original arm that descended vertically. BCI claims that the injury Stice sustained became possible, where it was not possible before, only after the modification by Stice's employer, BMA, in 1998. BCI also states that the modification to the machine was done at the discretion of BMA, with no oversight from BCI or BCI employees.

In its motion, the Plaintiffs assert that two BCI employees at the time, Tyhico Noguci ("Noguci") and Kenjiro Shimamura ("Shimamura"), were involved in the design and modification of the builder machine that injured Stice. The Plaintiffs allege that these two men were engineers who reviewed the design changes on the machine in 1998. The Plaintiffs have asked that BCI produce for deposition either in person or by way of video conferencing Noguci and Shimamura. However, at this time, both men, who are Japanese citizens, do not reside in the United States; Noguci resides in Japan, while Shimamura resides in Indonesia and is no longer employed by BCI.

In its response, BCI asserts that this Court lacks the authority to compel the attendance for purposes of discovery of foreign nationals residing abroad who are not parties to this action. Further, BCI contends that even if the Court had the authority to order Noguci and Shimamura to appear for depositions, the Plaintiffs are not entitled to such relief because: the discovery the Plaintiffs seeks is duplicative; the Plaintiffs have already had ample opportunity to obtain the information sought; and the burden and expense of taking discovery outweighs the benefit.

## DISCUSSION

28 U.S.C. 1783(a), which addresses a subpoena of a person in a foreign country, states:

> (a) A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, *of a national or resident of the United States* who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner. (emphasis added).

Aliens who are not residents of the United States and are not U.S. citizens cannot be forced to respond to a subpoena by a United States District Court because they "owe no allegiance to the United States." *Gillars v. U.S.*, 182 F.2d 962, 978 (D.C. Cir. 1950); *U.S. v. Korolkov*, 870 F.Supp. 60, 65 (S.D.NY 1994). Federal District Courts do not have the authority to compel video conference testimony from employee witnesses residing in other countries and who are not U.S. citizens. *Air Turbine Technology, Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D.Fla. 2003).

In the instant matter, the Plaintiffs' request that the Court compel the depositions of Noguci and Shimamura, whether in person or via video conference, cannot be granted. It is well established that federal district courts are not empowered to subpoena non-U.S. citizen witnesses who reside in another country, and therefore, this Court cannot require Noguci and Shimamura to appear in person or through video conference for depositions. The Court need not address whether or not the Plaintiffs are entitled to such an order because the law clearly holds that the Court may not compel the testimony of non-U.S. citizen witnesses who reside in another country.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Compel and to Hold Defendant's

Motion for Summary Judgment in Abeyance is **DENIED**. Plaintiffs are granted to and including June 1, 2006, to complete any additional discovery and respond to Defendant BCI's Motion for Summary Judgment.