UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.:1:04CV-44-R

MICHAEL LEE STICE and
CHARLOTTE STICE                                                                                         PLAINTIFFS

v.

BANDO CHEMICAL INDUSTRIES, LTD., et. al.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment (Docket #53).  No response has been filed by the Plaintiff.  This matter is now ripe for adjudication.  For the following reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

The facts in this matter are undisputed.  This case involves a products liability action filed by the Plaintiffs, Michael and Charlotte Stice ("Stices"), against several entities who are associated with BCI, a Japanese corporation.  BCI owns 90% of the capital stock of Bando U.S.A., Inc. ("BUI"), a U.S. corporation that owned and ended up merging with Plaintiff Michael Stice's ("Stice") original employer, Bando Manufacturing of America, Inc. ("BMA").  BUI employed Stice after the merger and at the time of the incident in question.  This action arose from an accident that took place at BUI's Bowling Green, Kentucky plant (formerly BMA) on April 25, 2003, when Stice was caught between an articulating arm of a piece of equipment known as a "building machine" and a statutory support beam.  The machine was initially purchased by BCI in 1988.  BCI claims that the machine, as originally manufactured and sold to

them, did not possess the support beam that led to Stice's injuries. In 1998, Stice's employer at the time, BMA, modified the machine in question by replacing the original arm that descended vertically. BCI claims that the injury Stice sustained became possible, where it was not possible before, only after the modification by Stice's employer, BMA, in 1998. BCI also states that the modification to the machine was done at the discretion of BMA, with no oversight from BCI management or BCI employees.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). [N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

As shown through the uncontested facts put forth by BCI in its motion for summary judgment, the part of the machine that injured Stice, the stitcher arm, did not exist in the machine as originally designed when it was purchased in 1988. In 1998, the machine was modified based on a design conducted by the engineering group of BMA, and this modification was implemented by members of BMA's maintenance team. The modifications were designed by Sid Owens ("Mr. Owens"), who began working for BMA in 1989. Mr. Owens testified that no one provided him with guidance for the design of the stitcher arm. There is no evidence that BCI was involved in any modification or design of the machine that created the cause of action in this case.

There is no evidence of a nexus between any action or omission of BCI and the Plaintiff's injury. Summary Judgment is appropriate for a manufacturer seller of machinery where the danger that resulted in the injury was caused by modifications made the Plaintiff's employee. *Hines v. Joy Mfg. Co.*, 850 F.2d 1146 (6th Cir. 1988); *Allen v. Verson Allsteel Press*, 957 F.2d 275 (6th Cir. 1992). Under the Kentucky Product Liability Act, KRS 411.300 et. seq., a manufacturer of a product is liable only if the injury "would have occurred if the product had

been used in its original, unaltered and unmodified condition." KRS 411.320.  Under KRS 411.340, if a "[P]roduct was sold...in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer...the sell...shall not be liable to the plaintiff for damages arising solely from the distribution or sale such product..."  As a matter of law, BMA's modification of the building machine that created the risk of injury constitutes a substantial modification that relieves BCI of liability under the Kentucky Product Liability Act.

Defendant BCI has put forth sufficient facts to show it is entitled to a judgment as a matter of law.  Despite sufficient time to present a factual dispute, the Plaintiff has not responded nor demonstrated an issue of material fact.  Accordingly, BCI is entitled to a judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue.

4