UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.:1:04CV-44-R

MICHAEL LEE STICE and
CHARLOTTE STICE                                                    PLAINTIFFS

v.

BANDO CHEMICAL INDUSTRIES, LTD., et. al.                      DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the Court on the Defendant's, Bando Chemical Industries, Ltd.

("BCI"), Motion for Summary Judgment. (Docket #57).  The Plaintiffs, have responded (Docket

#72), and the Defendant has replied (Docket #75).  This matter is now ripe for adjudication.  For

the following reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

### BACKGROUND

This case involves a products liability action filed by the Plaintiffs, Michael and

Charlotte Stice ("Stices"), against several entities who are associated with BCI, a Japanese

corporation.  BCI owns 90% of the capital stock of Bando U.S.A., Inc. ("BUI"), a U.S.

corporation that owned and ended up merging with Plaintiff Michael Stice's ("Stice") original

employer, Bando Manufacturing of America, Inc. ("BMA").  BUI employed Stice after the

merger and at the time of the incident in question.  This action arose from an accident that took

place at BUI's Bowling Green, Kentucky plant (formerly BMA) on April 25, 2003, when Stice

was caught between an articulating arm or "stitcher arm" of a piece of equipment known as a

"building machine" and a statutory support beam.  The machine was initially purchased by BCI

in 1988.  BCI claims that the machine, as originally manufactured and sold to them, did not

possess the support beam that led to Stice's injuries.  In 1998, Stice's employer at the time,

BMA, modified the machine in question by replacing the original arm that descended vertically.

BCI states that the injury Stice sustained became possible, where it was not possible before, only

after the modification by Stice's employer, BMA, in 1998.  BCI also states that the modification

to the machine was done at the discretion of BMA, with no oversight from BCI or BCI

employees.  The Plaintiffs contend that factual disputes exists as to whether or not BCI

employees may have worked on the stitcher arm modification.


**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can

establish that the "pleadings, depositions, answer to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  In determining whether

summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable

inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986). [N]ot every issue of fact or conflicting inference presents a genuine issue

of material fact."  *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is

"whether the party bearing the burden of proof has presented a jury question as to each element

in the case."  *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more

than a mere scintilla of the evidence.  To support his position, he must present evidence on

which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477

U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

As shown through the facts put forth by BCI in its motion for summary judgment and reply, the part of the machine that injured Stice, the stitcher arm, did not exist on the machine as originally designed when it was purchased in 1988.  In 1998, the machine was modified based on a design conducted by the engineering group of BMA, and this modification was implemented by members of BMA's maintenance team.  The modifications to the arm were designed by Mr. Sid Owens ("Owens"), who began working for BMA in 1989.  Mr. Owens testified that no one provided him with guidance for the design of the stitcher arm.  Accordingly, there is no evidence that BCI was involved in any modification or design of the machine that created the cause of action in this case.

The Plaintiffs contend that other than Owens, other individuals worked on the builder machine in question including: Hung Chang ("Chang"), Brett Ward ("Ward"), Bruce Vance ("Ward"), Tyhico Noguchi ("Noguchi"), and Kenjiro Shimamura ("Shimamura").  In particular,

3

the Plaintiffs note that Owens indicated that Chang, Ward and Vance were part of the team who gave some input into conforming the machine.  However, the Plaintiffs have not indicated that these individuals were BCI employees, but instead offer these facts as evidence to show that Owens did not work on the machine alone.  Despite this assertion, whether or not these individuals participated on the "team" that may have contributed to the modification of the builder machine does not refute the fact that Owens alone worked on the stitcher arm; the part in question that caused the injury to Stice after the modification.

The evidence further demonstrates that Noguchi and Shimamura were BMA employees in 1998 at the time the machine was modified.  Though both of these were BCI employees in Japan prior to their arrival in Kentucky, the facts indicates that they were employed by BMA while in the United States.  The Plaintiffs allege that these individuals may have still been controlled by BCI while employed by BMA.  However, there is no direct evidence to demonstrate this connection.  Further, as mentioned *supra*, even if Noguchi and Shimamura were some how controlled by BCI, that does not change the fact that Owens alone worked on the stitcher arm.[1]

There is no evidence of a nexus between any action or omission of BCI and the Plaintiff's injury.  Summary Judgment is appropriate for a manufacturer seller of machinery where the danger that resulted in the injury was caused by modifications made the Plaintiff's employee. *Hines v. Joy Mfg. Co.*, 850 F.2d 1146 (6th Cir. 1988); *Allen v. Verson Allsteel Press*, 957 F.2d 275 (6th Cir. 1992).  Under the Kentucky Product Liability Act, KRS 411.300 et. seq., a manufacturer of a product is liable only if the injury "would have occurred if the product had

---

[1]The Court further notes that at this moment Noguchi and Shimamura are Japanese nationals living in Japan.  As such, these individuals would not be subject to the subpoena power of the Court. FRCP 45(c)(3).

been used in its original, unaltered and unmodified condition." KRS 411.320.  Under KRS

411.340, if a "[p]roduct was sold...in its original manufactured condition or package, or in the

same condition such product was in when received by said wholesaler, distributor or retailer...the

sell...shall not be liable to the plaintiff for damages arising solely from the distribution or sale

such product."  As a matter of law, BMA's modification of the building machine that created the

risk of injury constitutes a substantial modification that relieves BCI of liability under the

Kentucky Product Liability Act.

Defendant BCI has put forth sufficient facts to show it is entitled to a judgment as a

matter of law.  The Plaintiffs have not demonstrated that no other person other than Owens, a

BMA employee, designed and worked on the stitcher arm.  It is further noted that the Court has

granted many extensions of time for discovery on this issue.  Accordingly, BCI is entitled to a

judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is

**GRANTED**.  An appropriate order shall issue.